# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BILL BARRETT AND JOAN BARRETT | § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. SA:17-CV-258-XR |
| v. | § § | |
| BSI FINANCIAL SERVICES INC. AND MARTY LACOUTURE | § § § § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Remand (Docket no. 7). After careful consideration, the Court DENIES the motion and DISMISSES Defendant Marty LaCouture as improperly joined.

## BACKGROUND

Plaintiffs Bill and Joan Barrett allege that in or about June 2015, Defendants stopped accepting Plaintiffs' payments on their mortgage secured by the property at 8410 Pericles Dr., Universal City, Texas. Docket no. 1-1 at 7. Defendants BSI Financial allege that Plaintiffs failed to pay at least twenty-four scheduled monthly payments through December 2014. *Id.*; Docket no. 4 at 5–6. Plaintiffs allege they attempted to contact Defendants about the alleged amount owed on multiple occasions, but that they were unsuccessful and heard nothing from Defendants for months. Docket 1-1 at 7.

Plaintiffs allege they attempted to pay their 2016 taxes, but were told this would not be approved because their escrow was negative. Docket no 1-1 at 8. Plaintiffs state they still proceeded to pay their 2016 taxes and allege they sent Defendants bank statements and other

documentation to attempt to correct the mistake. *Id.* Plaintiffs allege that Defendants continued to charge them for taxes already paid for in full and never returned their calls, but that Defendants did return a payment of $13,383.58. *Id.* Plaintiffs allege Defendants posted the property for foreclosure on May 7, 2017, without proper notice to cure or intent to accelerate. *Id.* Plaintiffs allege that Defendants were contractually obligated to notify Plaintiffs of their default and with notice to cure prior to paying any delinquent taxes. *Id.* at 8–9. There has been no actual foreclosure of the property in this case. Docket no. 3 at 5.

Plaintiffs then brought this action in the 150th Judicial District Court of Bexar County, Texas, on March 3, 2017, naming as defendants BSI Financial and Marty LaCouture. Docket no. 1-1 at 6. Plaintiff asserted claims for breach of contract, violation of the Deceptive Trade Practices Act, breach of warranty, fraud, violation of the Texas Fair Debt Collection Practices Act, and declaratory judgment against all Defendants. *Id.* at 10–13. Plaintiffs also asserted a claim for negligence against Defendant LaCouture. *Id.* at 13–14.

On March 29, 2017, Defendants BSI Financial removed the action to this Court on the basis of diversity jurisdiction. Docket no. 3. The notice of removal states that Plaintiffs are residents of Texas. *Id.* at 3. The notice of removal also states that Defendant BSI Financial is a citizen of Delaware for purposes of diversity jurisdiction because it is a corporation incorporated in Delaware with its principal place of businesses in Delaware. *Id.* The notice of removal further states that Defendant LaCouture is a resident of Texas whose citizenship can be disregarded for purposes of diversity jurisdiction because he has been improperly joined. *Id.* The notice of removal states that the amount in controversy exceeds $75,000. *Id.* at 6–7.

On April 27, 2017, Plaintiffs moved to remand the case to state court due to a lack of diversity jurisdiction. Docket no. 7. Plaintiffs assert they are citizens of Texas and that LaCouture is a properly joined citizen of Texas. *Id.*

## DISCUSSION

If LaCouture is properly joined, then his citizenship must be considered and there is no diversity jurisdiction. Defendant BSI Financial argues that Plaintiffs' complaint fails to meet proper pleading standards with respect to LaCouture because Plaintiffs cannot maintain a wrongful foreclosure cause of action against LaCouture, and any breach of LaCouture's duty does not constitute an independent tort. Docket no. 3 at 5–6. As a result, Defendant BSI argues that LaCouture was improperly joined, which means that diversity jurisdiction exists. Plaintiffs argue LaCouture can be held individually liable for violation of his duty to treat the parties fairly, and this Court cannot say that Plaintiffs have no reasonable basis to recover against LaCouture in state court. Docket no. 7 at 2. As a result, Plaintiffs argue LaCouture was properly joined, which means that there is no diversity of citizenship. This Court agrees with Defendant BSI and finds that LaCouture was improperly joined.

**I.  Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See id.*

Federal district courts have original jurisdiction over civil actions if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy, which is alleged to be in excess of $75,000. Docket no. 3. Further, there are no disputes regarding the states of citizenship of any of the parties.

A defendant may remove a case with a non-diverse defendant to a federal forum if the non-diverse defendant is improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There are two ways to establish improper joinder: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non[-]diverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573) (emphasis in original). Because LaCouture is in fact non-diverse, the second type of improper joinder is at issue, and the Court must determine whether Plaintiffs have stated a cause of action against him. *See id.*

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). In order to meet this burden, the removing party must show that there is no reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199; *see also Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l*

*Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question for the court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550

## II. Application

Plaintiffs bring claims against Defendant LaCouture for negligence and breach of contract. Defendant BSI Financial argues, however, that LaCouture is improperly joined because any alleged breach of LaCouture's duty as trustee does not constitute an independent tort.

Under Texas law, to establish a cause of action for negligence, a plaintiff must show "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). A trustee has a duty to "act with absolute impartiality and fairness" to both the mortgagor and mortgagee. *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977). A trustee's breach of duty, however, "does not constitute an independent tort; rather, it yields a cause of action for wrongful foreclosure." *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017). But when no actual foreclosure has occurred, a claim of wrongful foreclosure cannot succeed. *Id.* Further, Texas law does not recognize a cause of action for attempted foreclosure. *Gonzalez v. Fifth Third*

*Bank*, 2015 WL 11661766, at *3 (W.D.Tex., 2015) (citing *Filgueira v. U.S. Bank Nat'l Ass'n*, 2013 WL 127559, at *3 (S.D. Tex. 2013), aff'd, 734 F.3d 420 (5th Cir. 2013)).

Plaintiffs allege Defendant LaCouture breached his duty as trustee when he did not stop the foreclosure process after Plaintiffs allegedly reported to him that Defendant BSI Financial failed to provide Plaintiffs with notice of intent to accelerate and that they disputed their debt. Docket no. 1-1 at 14. Plaintiffs further allege Defendant LaCouture proceeded to foreclose in violation of his duties to Plaintiffs. *Id.* The foreclosure sale, however, never occurred.

As the Fifth Circuit stated in *Foster*, Defendant LaCouture's alleged breach of duty to Plaintiffs does not establish an independent tort. Plaintiffs can bring no valid claim against Defendant LaCouture for wrongful disclosure if no foreclosure sale took place. *Foster*, 848 F.3d at 406; *see also Peterson v. Black*, 980 S.W.2d 818, 822 (Tex.App. San Antonio,1998). Plaintiffs also cannot bring an action for attempted foreclosure because no such action exists in Texas. *Gonzalez*, 2015 WL 11661766, at *3.

Plaintiffs correctly state that Defendant BSI Financial must demonstrate that there is no possibility of recovery by Plaintiffs against Defendant LaCouture in state court, and that Plaintiffs do not have to establish they *will* prevail. Plaintiffs also correctly state that any doubt about the propriety of removal must be resolved in favor of remand. Defendant BSI Financial, however, has demonstrated there is no reasonable possibility of recovery against Defendant LaCouture in state court because no foreclosure sale took place. There is no doubt about the propriety of removal.

Plaintiffs cite to several cases in an attempt to show they have a cause of action against Defendant LaCouture despite the lack of a foreclosure sale. These cases, however, fail to overcome the fact that the Fifth Circuit has stated the action against a trustee for an alleged

breach of duty is an action for wrongful foreclosure, which can only be considered if there was an actual foreclosure sale. *Foster*, 848 F.3d at 406; *see also Peterson v. Black*, 980 S.W.2d 818, 822 (Tex. App. – San Antonio 1998, no pet.).

Plaintiffs attempt to argue case law is "unsettled" with regard to trustee liability. Docket no. 7 at 6. In *Minella v. Bank of America*, this Court stated Texas law is unsettled specifically with regard to "a right to recover against a trustee for failing to mail notice of intent to accelerate." *Minella v. Bank of America, et al.*, SA-14-CV-174-XR, Docket no. 21 at 10 (W.D. Tex. Mar. 26, 2014). In *Minella*, however, a foreclosure sale actually occurred. The Court did not state the law was unsettled as to the question of trustee liability absent a foreclosure sale. Plaintiffs also argue other cases demonstrate that an actual foreclosure sale is unnecessary to bring a valid cause of action against a trustee. As discussed above, however, the Fifth Circuit has plainly stated otherwise. Plaintiffs' cited cases precede the Fifth Circuit's ruling in *Foster*, and to the extent that it may have been before, the law is no longer unsettled.

Plaintiffs bring a breach of contract claim against both Defendants BSI Financial and LaCouture. Docket no. 1-1 at 10. Plaintiffs allege Defendants were obligated under the Deed of Trust to stop the foreclosure process following the January and February letters from Plaintiffs' counsel disputing the amount due, and that Defendant LaCouture intentionally ignored information Plaintiffs directly provided to him. *Id.* at 10–11. Plaintiffs allege that on notification of their alleged tender of payments and dispute of the amounts in question, Defendant LaCouture was obligated to prevent the foreclosure sale and failed to do so, thereby breaching contract. *Id.* at 11. Plaintiffs, however, cannot succeed on this breach of contract claim because no foreclosure sale occurred. Although Plaintiffs state a breach of contract claim, Plaintiffs only further argue that Defendant LaCouture was negligent in his failure to allegedly stop the foreclosure sale. *Id.*

Because there was no foreclosure sale, Plaintiffs have no claim against Defendant LaCouture. Because LaCouture is improperly joined, this Court lacks subject matter jurisdiction over the claims against him. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

## CONCLUSION

Plaintiffs' motion to remand (Docket no. 7) is DENIED. Defendant Marty LaCouture is DISMISSED WITHOUT PREJUDICE as improperly joined.

It is so ORDERED.

SIGNED this 6th day of September, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE